OPINION OF THE COURT
Myriam J. Altman, J.
In this proceeding pursuant to CPLR article 78 petitioners seek to annul a regulation adopted by the New York City Loft Board (Loft Board) which mandates the same minimum heating standards for interim multiple dwellings (IMDs) as are required for other residential units in New York City. Petitioners claim the regulation is arbitrary, capricious and unconstitutional because it does not include a cost pass-along for increased fuel *371 expenses. For the reasons stated below, the proceeding is dismissed.
The Loft Law (Multiple Dwelling Law § 280 et seq.) was enacted to meet the emergency “created by the increasing number of conversions of commercial and manufacturing loft buildings to residential use without compliance with applicable building codes and * * * local laws regarding minimum housing maintenance standards * * * and designed to protect the public health, safety and general welfare” (Multiple Dwelling Law § 280). Section 282 of that law imposes a duty on the Loft Board to issue and enforce rules and regulations governing minimum housing maintenance standards for IMDs. Pursuant to its statutory authority the Loft Board adopted Rules and Regulations Relating to Minimum Housing Maintenance Standards for Interim Multiple Dwellings § 3(A)(2), the regulation at issue here. Petitioners make a threshold procedural attack on the validity of section 3(A)(2) on the ground that the Loft Board failed to make a specific finding of a special emergency before issuing the regulation. As the Legislature itself described the emergency which prompted the enactment of the enabling legislation, it would be duplicative to require the Loft Board to make a new finding of an emergency each time it enacts a regulation.
The main thrust of petitioners’ attack is not on the requirement that heat be provided to loft tenants, but rather on the Loft Board’s failure to include a cost pass-along in the regulation. In essence, petitioners contend that the regulation is arbitrary and capricious because the requirement to provide heat is not conditioned on payment for that heat. This attack ignores other sections of the Loft Law which provide for eventual rent adjustment.
In this regard, it was the opinion of counsel to the Loft Board that Multiple Dwelling Law § 286 (2) prohibits the Board from enacting a regulation which includes a pass-along. He reasoned that the Board was limited by statute to the establishment of only one set of rent guidelines. Those initial guidelines were adopted in 1982 and could not thereafter be altered. Petitioners therefore also contend that if counsel’s interpretation is correct that portion of the Loft Law which so limits the Board is unconstitutional. Although the constitutional challenge appears to have been an afterthought, it must be addressed first because if the implementing legislation is void, the regulation must also fall.
As the Loft Law was enacted pursuant to the police power of the State, it “carries with it a strong presumption of constitu *372 tionality” (see, e.g., Lincoln Bldg. Assoc. v Barr, 1 NY2d 413, 415, appeal dismissed 355 US 12). Therefore, the burden is on those challenging the statute to demonstrate that it is unconstitutional (Goldblatt v Hempstead, 369 US 590). When the Legislature recognizes a particular evil or problem that should be addressed it may enact such legislation as is reasonably necessary to remedy the problem. “[T]he courts may not dictate to the legislative body the choice of remedy to be selected; questions as to wisdom, need or appropriateness are for the Legislature” (I.L.F.Y. Co. v City Rent & Rehabilitation Admin., 11 NY2d 480, 490).
Assuming counsel’s interpretation is correct, the Loft Law withstands constitutional challenge as it was enacted in response to an emergency situation created by illegal loft conversions. The means selected by the Legislature to remedy those conversion problems were reasonable in light of the policy considerations which will be subsequently discussed in connection with the challenge to the regulation itself.
The court’s power to review the validity of a regulation promulgated by an administrative body pursuant to statutory authority is limited. Such a regulation should not be disturbed unless it is so arbitrary that it is without a reasonable or rational basis (Matter of Bernstein v Toia, 43 NY2d 437; see also, Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 104 AD2d 223).
Petitioners’ contention that the absence of a pass-along renders the regulation arbitrary and capricious is inconsistent with the specific legislative intent expressed in Multiple Dwelling Law § 280, the public policy of this State which culminated in the legislative adoption of the warranty of habitability (Real Property Law § 235-b) and national policy (see, Memphis Light, Gas & Water Div. v Craft, 436 US 1, 18 [“Utility service is a necessity of modern life; indeed, the discontinuance of water or heating for even short periods of time may threaten health and safety”]).
Section 3(A)(2) implements the stated legislative purpose to afford loft tenants the same protections available to other residential tenants (Multiple Dwelling Law § 286 [11]; Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 104 AD2d 223, 226, supra) and to protect the health and safety of those tenants. The warranty of habitability (Real Property Law § 235-b) requires a landlord to provide heat to residential tenants and that warranty is applicable to residents of IMDs (Multiple Dwelling Law § 286 [11]; Kachain v Aronson, 123 Misc *373 2d 743). Therefore, it was perfectly appropriate for the Loft Board to require loft owners to provide heat at the same levels and for the same time periods as other landlords are required to do.
Petitioners’ argument is also based on the faulty premise that there exists no provision for eventual reimbursement of expenses. The Loft Law sought to balance the interest of loft tenants with those of the owners. In return for certain statutory rights, loft owners must bring their buildings into compliance with Multiple Dwelling Law former article 7-B within specified time limits (Multiple Dwelling Law § 284; see also, Loft Realty Co. v Aky Hat Corp., 123 Misc 2d 440). The additional cost to owners is an item to be factored into appropriate rent adjustments after legalization (Multiple Dwelling Law § 286 [4], [7]). Clearly the sooner an owner is in full compliance with the statute, the sooner there can be a rent adjustment. Therefore, the absence of a pass-along acts as an incentive for owners to bring their buildings into compliance. Furthermore, an otherwise valid regulation is not invalidated merely because it imposes financial burdens on certain parties (Spring Realty Co. v New York City Loft Bd., 127 Misc 2d 1090; Day-Brite Light, v Missouri, 342 US 421). Here, the financial burden is temporary as increased costs can ultimately be reimbursed by means of a rent adjustment.
Thus, counsel’s interpretation of the Loft Law does not render the statute unconstitutional. The regulation in issue is similarly valid and withstands petitioners’ challenge. Accordingly, the petition is denied and the proceeding is dismissed.